ROBERT N. SEGAL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Segal v. Commissioner
Docket Nos. 31024-87, 38128-87.
United States Tax Court
T.C. Memo 1989-71; 1989 Tax Ct. Memo LEXIS 71; 56 T.C.M. (CCH) 1267; T.C.M. (RIA) 89071; February 16, 1989. Robert N. Segal, pro se. Jeffrey L. Bassin, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: *72 Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1) [1]
6651(a)(2)
6653(a)(1)
6653(a)(2)
Docket No. 31024-87
1981
$ 2,684.60
$   482.67
$   536.31
$ 134.20
*
1982
6,438.00
1,335.89
1,484.32
321.90
*
1983
6,180.00
--    --    --   --
Docket No. 38128-87
1984
749.00
187.25
--    37.45
*
1985
2,293.00
573.25
--    114.65
*
Sec.
Sec.
Sec.
Sec.
Year
6653(b)(1)
6653(b)(2)
6654
6661
Docket No. 31024-87
1981
--    --
$ 154.12
--
1982
--    --
418.50
$ 1,609.50
1983
$ 3,090.00
* 378.00
1,545.00
Docket No. 38123-87
1984
--    --
--
--
1985
--    --
131.39
--
*73 Respondent now concedes that petitioner is not liable for the addition to tax under section 6651(a)(2) for 1981 or 1982. Less than a week prior to trial, respondent filed a Motion for Leave to File Amendment to Answer, seeking to claim additions to tax for fraud under section 6653(b) for 1981 and 1982. That motion was denied as untimely. Respondent also filed in each case a Motion for Damages under section 6673, alleging that petitioner instituted and continues to maintain these proceedings primarily for delay and that the positions maintained by petitioner are frivolous and groundless. All of the material facts are stipulated, and the stipulation is incorporated as our findings by this reference. Petitioner was a resident of Ohio when he filed his petitions herein. During the years in issue, petitioner received compensation for labor as follows: Year
Compensation
1981
$ 19,846.23
1982
30,278.43
1983
30,187.03
1984
8,942.00
1985
16,134.00 During those years, petitioner also received various items of interest, rental income, and unemployment compensation. Compensation for his labor included amounts received by petitioner from Levitz *74 Electric, Inc., during 1981, 1982, and 1983; and from The Becker Electric Company in 1983. On or about September 29, 1980, February 6, 1981, December 10, 1981, December 12, 1981, and July 13, 1982, petitioner submitted to Levitz Electric, Inc., Internal Revenue Service Forms W-4, Employee's Withholding Allowance Certificates, claiming exemption from Federal income tax withholding. On or about May 23, 1983, petitioner submitted to The Becker Electric Company, an Internal Revenue Service Form W-4, Employee's Withholding Allowance Certificate, claiming exemption from Federal income tax withholding. The Forms W-4 submitted to petitioner's employers were false because petitioner was not exempt from withholding. He was entitled to claim only one withholding tax exemption during the years in issue. Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 1980, reporting thereon wages of $ 19,901.13. For 1981 and 1982, petitioner tendered to the Internal Revenue Service unsigned Forms 1040, on which he inserted "For Information Only" in the space for his signature. Petitioner did not report his wages on the space indicated on the Forms 1040 but attached to each a Schedule *75 C showing his business as "Labor Contractor"; setting forth his wages as gross receipts; deducting therefrom an amount designated "Cost of goods sold"; and claiming a net loss. Petitioner did not file Federal income tax returns for 1983, 1984, or 1985. In his petitions and at trial, petitioner contended that the compensation that he received for services was not taxable. He conceded, however, that he was aware of numerous cases in which this Court had ruled contrary to his position. See, e.g., ; , affd. . Various courts of appeals, including the Court of Appeals for the Sixth Circuit, to which our decisions in these cases are appealable, have similarly described such contentions as frivolous. In , the Court of Appeals stated: This Court admonished future litigants in , that it would impose both double costs and attorney fees against a litigant who brings *76 a frivolous appeal involving an issue already clearly resolved. In (per curiam), we awarded double costs against a taxpayer who argued that wages did not represent a taxable gain because wages were a source of income and were received in exchange for his labor. We also warned that if such an issue were asserted in the future, double costs and attorney fees would be awarded against the taxpayer. Respondent, of course, has the burden of proving fraud to sustain the additions to tax under section 6653(b) for 1983 -- the only year for which that addition to tax was timely determined. Petitioner's failure to file a return for 1983 and his prevention of withholding by the filing of false W-4 Forms satisfies that burden where nothing but frivolous arguments are offered as an excuse. ; . Petitioner also should be aware that criminal sanctions have been imposed in comparable situations. See, e.g., ; section 7205. *77 Petitioner's only other contention with respect to the additions to tax (and the interest accruing on the deficiencies) is that respondent should not be permitted to recover those amounts because no assessment has been made. This argument is similarly frivolous, inasmuch as it is petitioner's filing of the petitions that prevents assessment. Section 6213(a). See . Petitioner was duly warned about respondent's request for damages and was aware of the Court cases adverse to his positions. Yet he persisted. Damages under section 6673 will awarded to the United States in the amount of $ 5,000 ($ 4,000 in docket No. 31024-87 and $ 1,000 in docket No. 38128-87). Decisions will be entered for the respondent, except for the additions to tax under section 6651(a)(2) for 1981 and 1982, conceded by respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect during the years in issue, except as otherwise noted.↩
*. 50 percent of the interest due on $ 2,145.19 for 1981, $ 5,937.29 for 1982, $ 6,180.00 for 1983, $ 749.00 for 1984, and $ 2,293.00 for 1985. ↩
*. 50 percent of the interest due on $ 2,145.19 for 1981, $ 5,937.29 for 1982, $ 6,180.00 for 1983, $ 749.00 for 1984, and $ 2,293.00 for 1985.↩